UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:

**Bobby Matthew,**                                        Case No. 22-22138-cgm

                                                          Chapter 13

                                                          **HON. CECELIA G. MORRIS**

                Debtor.
------------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**TO:     THE HONORABLE CECELIA G. MORRIS
         UNITED STATES BANKRUPTCY JUDGE**

      Movant, U.S. BANK NATIONAL ASSOCIATION, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.     Debtor, Bobby Matthew, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on March 25, 2022. Debtor is not an infant, incompetent, or currently on active duty in the military service of the United States of America. See Federal Rule of Civil Procedure 55 Affidavit, attached hereto as Exhibit "A."

2.     On March 13, 2009, Bobby J. Matthew executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $308,506.00 to Ameritrust Mortgage Bankers, Inc., a New York Corporation. The Mortgage was recorded on April 1, 2009 as Control Number 490860206 of the Public Records of Westchester County, New York. The Mortgage was assigned to Movant. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "B."  The documents include copies of the Note with any required

indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgage or beneficiary or the assignee of the mortgage or deed of trust.

4. The terms and conditions of the Note and Mortgage were later amended pursuant to the Loan Modification Agreement ("Agreement") made June 1, 2023. Said Agreement created a new principal balance of $410,989.72. A true and accurate copy of the Agreement is attached hereto as Composite Exhibit "B."

5. The mortgage provides Movant a lien on the real property located at 324 Tecumseh Avenue, Mount Vernon, New York 10553, in Westchester County, and legally described as stated in the mortgage attached in Composite Exhibit "B."

6. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since August 1, 2024, with arrears in the amount of $11,310.56 as of October 1, 2024. A true and accurate copy of Movant's statement in regard to indebtedness and default is attached hereto as Exhibit "C." As per the Movant's statement the total amount due is $412,677.66.

7. The stated value of the property is $290,000.00. See Exhibit "D" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8). There is no equity in the property.

8. Based upon the Debtor's Confirmed Amended Chapter 13 Plan (Docket No. 85), the property is treated outside the plan and Movant will receive payments directly.

9. Movant's security interest in the subject property is being significantly jeopardized by Debtor's failure to comply with the terms of the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such interest. Movant has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

10. If Movant is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

11. Movant respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Movant for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Movant. Movant additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

12. The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Movant.

13. No previous application has been made for the relief request herein.

14. Movant has incurred court costs in the amount of $199.00 (filing fee) and attorney's fees in the amount of $850.00, in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Movant seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

15. Movant hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any

act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

**WHEREFORE**, Movant, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2) to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and for any such further relief as this Honorable Court deems just and appropriate.

Dated:  November 12, 2024
       Westbury, NY

              **ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC**

              By: /s/Raquel Felix
              Raquel Felix, Esq.
              Attorneys for Movant
              900 Merchants Concourse, Suite 310
              Westbury, New York 11590
              516-280-7675
              raqfelix@raslg.com